# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

FRANKLIN L. CHANCE,                                                                              PLAINTIFF
ADC #132313

v.                                            1:19-cv-00075-DPM-JJV

CHRIS JOHNSON, Deputy Warden; and
JARED DOVER, Correctional Officer,
North Central Unit, ADC; *et al.*                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     INTRODUCTION**

Franklin L. Chance ("Plaintiff") is a prisoner in the Ouachita River Unit of the Arkansas Division of Correction ("ADC").   In August 2018, he filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging, among other things, that while he was in the North Central Unit Defendants Deputy Warden Chris Johnson and Correctional Officer Jared Dover opened mail outside of his presence and retaliated against him for reporting their conduct.   (Doc. No. 2.) During screening, the Court dismissed Plaintiff's mail claim against Defendants Johnson and Dover for failure to state a claim upon which relief may be granted and allowed him to proceed with his retaliation claim against them.[1]   (Doc. Nos. 6, 11.)

Defendants Johnson and Dover have filed a Motion for Summary Judgment arguing Plaintiff's retaliation claim should be dismissed without prejudice because he failed to properly exhaust his administrative remedies.   (Doc. Nos. 14, 15, 16.)   Plaintiff has not filed a Response,

---

[1] The Court also concluded Plaintiff failed to plead plausible claims against Defendants Grievance Coordinator Justin Peters and ADC Deputy Director Dexter Payne and dismissed them as parties to this lawsuit.   (*Id.*)

2

and the time to do so has expired.  After carefully reviewing the pleadings and for the following reasons, I recommend Defendants' Motion for Summary Judgment be GRANTED, Plaintiff's retaliation claim against Defendants Johnson and Dover be DISMISSED without prejudice, and this case be DISMISSED.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

The ADC grievance policy in effect at the time of the alleged constitutional violations was Administrative Directive 14-16. (Doc. Nos. 14-1, 14-2.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 14-2.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the incident. (*Id.*) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."

(*Id*. at 5-6.) Importantly, the Directive states, "only one problem/issue should be stated in the grievance, not multiple problems/issues," and it cautions prisoners that "[o]nly one issue will be addressed." (*Id.* at 5.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 8.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id*. at 10.)

An inmate who is dissatisfied with the response, or who does not receive a response within the allotted time, may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id*. at 10-11.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (*Id*. at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Importantly, Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

In her sworn Declaration, the ADC Grievance Supervisor says NC-19-235 and NC 19-236 are the only relevant grievances Plaintiff filed prior to commencing this lawsuit. (Doc. No. 14-2.) Plaintiff has not offered any contrary evidence.

In NC-19-235, Plaintiff alleged Defendants Johnson and Dover opened his legal mail, denied him access to the courts, and retaliated against him by filing a disciplinary against him and transferring him to another unit. (Doc. No. 14-3 at 2.) The Warden rejected that grievance because it involved a transfer, which is not something that can be grieved according to ADC policy. (Doc. No. 14-4 at 4.) In his appeal of that rejection, Plaintiff said:

5

>  the grievance is not about a transfer, but the illegal tampering of my legal mail. Transfer was mentioned only because I was following directions on how I was *affected* by the aggrieved issue which concerned by legal mail, nothing more.

(*Id.*) (emphasis in the original). From this language, it is clear Plaintiff was appealing the opening of his mail and not retaliation, which is the only claim remaining in this lawsuit. More importantly, the ADC Deputy Director rejected the appeal. (*Id.* at 3.) The form says the appeal was rejected because Plaintiff did not complete Attachment III, which is the form used for a Warden's decision on the merits. (Doc. Nos. 14-1 at 21; 14-3 at 1.) Clearly, it would have been impossible for Plaintiff to have included that form because he did not receive a ruling on the merits. Instead, he received Attachment II, which was the Warden's rejection notice. (Doc. Nos. 14-1 at 20; 14-4 at 4.) The ADC Grievance Supervisor explains the information on the appeal rejection form is incorrect, and that Plaintiff's appeal was rejected because he did not include a copy of his original grievance, which was Attachment I. (Doc. Nos. 14-2 at 5; 14-3 at 2.) Plaintiff has not challenged her explanation. And, the ADC grievance policy advises prisoners they must include the original grievance (Attachment I) with their appeal. (Doc. No. 14-1 at 11.)

In NC-19-236, Plaintiff grieved that Defendants Dover and Johnson opened his legal mail and retaliated against him. (Doc. No. 14-5.) The Warden denied the grievance. (*Id.*) Plaintiff did not appeal that ruling, as he was clearly required to do by the ADC's grievance procedure. (Doc. No. 14-1 at 12, 17, 18.)

The law is clear. To exhaust administrative remedies, a prisoner must fully and properly comply with all steps of the prison's grievance procedure. *Woodford*, 548 U.S. at 90 (administrative exhaustion "means using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits"); *Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014) (a prisoner must pursue "the prison grievance process to its final stage"). Plaintiff

did not do so as to NC-19-235 or NC-19-236. And, Plaintiff has not asserted or presented any evidence suggesting he was prevented from doing so. *See* 42 U.S.C. § 1997e(a) (prisoners must exhaust all "available" administrative remedies); *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). Thus, I recommend Plaintiff's retaliation claim be dismissed without prejudice due to a lack of exhaustion. *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson,* 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 14) be GRANTED, Plaintiff's retaliation claim against Defendants Johnson and Dover be DISMISSED without

prejudice, and this case be DISMISSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 9th day of January 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE