IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

FRANKLIN L. CHANCE,                                                                            PLAINTIFF
ADC #132313

v.                                            1:19-cv-00075-DPM-JJV

CHRIS JOHNSON, Deputy Warden; and
JARED DOVER, Correctional Officer,
North Central Unit, ADC; *et al.*                                                      DEFENDANTS

## SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following supplemental recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not

1

offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Franklin L. Chance ("Plaintiff") is a prisoner in the Ouachita River Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging that, while he was in the North Central Unit, Defendants Deputy Warden Chris Johnson and Correctional Officer Jared Dover retaliated against him for reporting they had opened his mail by filing false disciplinary charges against him, removing him from his job as a heating and air technician, and transferring him to the Ouachita River Unit.[1] (Doc. No. 2.)

Defendants have filed a Motion for Summary Judgment arguing Plaintiff's retaliation claims should be dismissed without prejudice because he failed to properly exhaust his administrative remedies. (Doc. Nos. 14, 15, 16.) On January 9, 2020, I issued a Recommended Disposition suggesting the Motion be granted because Plaintiff failed to properly exhaust his administrative remedies in either NC-19-235 or NC-19-236, which the parties agree are the only

---

[1] All other claims raised in the Complaint have been dismissed without prejudice. (Doc. No. 11.)

2

relevant grievances. (Doc. No. 19.) Thereafter, Plaintiff filed a sworn declaration and other documents arguing he properly exhausted his available administrative remedies in NC-19-235. (Doc. Nos. 20-24.) In contrast, he did *not* challenge my finding that NC-19-236 is improper exhaustion, and he states that grievance is irrelevant to the retaliation claims he is raising in this lawsuit. (Doc. No. 22.) Thus, my original recommendation as to that grievance is unchanged.

On January 30, 2020, the Honorable D.P. Marshall Jr., Chief United States District Judge, asked that I review the additional information and issue a Supplemental Recommended Disposition. (Doc. No. 25.) Thereafter, the parties supplemented their Motions. (Doc. Nos. 27, 30, 31.) On March 13, 2020, I held an Evidentiary Hearing to resolve factual issues as to whether Plaintiff properly exhausted his available administrative remedies in NC-19-235. (Doc. No. 32.) After careful consideration of the relevant documents and testimony, I conclude Plaintiff did not properly exhaust his available administrative remedies as to the retaliation claims he is raising in this lawsuit. Accordingly, I continue to recommend the Motion for Summary Judgment be GRANTED, Plaintiff's claims against Defendants Johnson and Dover be DISMISSED without prejudice, and this case be CLOSED.[2]

## II. HEARING EVIDENCE

Plaintiff has filed numerous grievances while in the ADC, and he demonstrated during the hearing that he is very familiar with the specific requirements of the ADC's exhaustion policy. (Hearing Ex. 1.) On March 1, 2019, Plaintiff filed NC-19-235 alleging Defendants Dover and Johnson read and confiscated his legal mail, issued him a retaliatory disciplinary that was later

---

[2] The portions of my prior Recommended Disposition (Doc. No. 19) regarding the summary judgment standard, explanation of the PLRA's exhaustion requirement, and summary of the ADC's exhaustion policy are adopted by reference.

dismissed, violated his right to access the courts, and transferred him in retaliation. (Hearing Ex. 3 at 2.) Plaintiff testified he gave the white copy of NC-19-235 to the problem solver and kept the yellow and pink copies. When the problem solver failed to timely respond, Plaintiff proceeded to the second step by sending his yellow copy (labeled Attachment I) to the Warden on March 11, 2019.[3] (*Id*.)

On March 28, 2019, the Warden's office sent Plaintiff a Rejection Notice (labeled Attachment II) stating the grievance was rejected because it involved a transfer, which is a non-grievable matter. (*Id.* at 1.) The parties now agree the rejection was improper because the grievance also raised retaliation and mail claims, which are grievable matters. On April 1, 2019, Plaintiff appealed the rejection by writing the following statement on the bottom of the Rejection Notice (Attachment II):

> The rejection of my grievance was a denial of my attempt to exhaust as the issue in the grievance is not about a transfer, but the illegal tampering of my legal mail. Transfer was mentioned only because I was following directions on how I was *affected* by the agrieved issue which concerned my legal mail, nothing more.

(Hearing Ex. 3 at 3) (emphasis in the original). During the hearing, Plaintiff testified he inadvertently omitted the word "only," and thus, his appeal should have said:

> The rejection of my grievance was a denial of my attempt to exhaust as the issue in the grievance is not ONLY about a transfer, but the illegal tampering of my legal mail. Transfer was mentioned only because I was following directions on how I was *affected* by the agrieved issue which concerned my legal mail, nothing more.

(*Id*.) (emphasis added.) Plaintiff said he put the Rejection Notice (Attachment II) and his pink copy of the grievance (Attachment I) in the prison mail. And, he said he had no control of it thereafter or direct knowledge of what became of it.

---

[3] The informal resolution and grievance are contained on the same form. (Hearing Ex. 3 at 2.)

4

Ms. Terry Grigsby Brown testified she has been the ADC Inmate Grievance Supervisor for two years, and otherwise worked in the ADC grievance department for approximately thirty years. Ms. Brown estimated she receives approximately 500 grievances a month. Ms. Brown said she received Plaintiff's appeal written on the Rejection Notice (Attachment II) on April 15, 2019, stamped the document as being received on that date, placed a paper copy in her files, and recorded in EOMIS (the prison's computerized grievance records) that it was received on that date. Ms. Brown did *not* receive the pink copy or any other copy of Plaintiff's grievance (Attachment I) with the Rejection Notice as required by the ADC's exhaustion policy. And, she said that, if she had received it, she would have stamped it received, logged it into EOMIS, and maintained a paper copy for her records. Ms. Brown explained that after this lawsuit was filed, she searched her records again and found no indication of receiving Plaintiff's grievance (Attachment I) with the appeal. Importantly, Ms. Brown testified that in her thirty years of experience reviewing grievances and appeals, she has never had an attachment lost in the prison mail system. In other words, while an entire grievance or appeal may have been misplaced, Ms. Brown has never had only a portion of one being lost in the prison mail system. She also said that, although a copy of Plaintiff's grievance was typed into EOMIS, the ADC's exhaustion policy requires prisoners to include the original grievance with the appeal so that she, and other appeal reviewers, can read the problem solver's response to the informal resolution, which is something that is not recorded in EOMIS.

On April 15, 2019, Ms. Brown sent Plaintiff a Rejection Notice stating his appeal was rejected because it did not contain Attachment III or IV, which would have been a ruling on the merits. (Hearing Ex. 2 at 4.) She entered the same thing into EOMIS. (*Id.* at 2.) Ms. Brown explained this was a mistake and that she should have said the appeal was rejected because it did

5

not contain the grievance (Attachment I).   Finally, Ms. Brown said she did not discover the error until she searched her records in preparation for the pending exhaustion Motion, and that the error was explained to Plaintiff in her Declaration supporting the Motion.   (Doc. No. 14-2 at 5.)

### III.    ANALYSIS

Factual issues regarding exhaustion of available administrative remedies are preliminary or threshold matters that can be resolved by the Court, instead of a jury, after holding an evidentiary hearing.   *See Boyd v. Rechcigl*, No. 19-2334, 790 Fed. Appx. 53, 54 (8th Cir. Jan. 16, 2020) (unpublished decision); *Lee v. Willey*, 789 F.3d 673, 677-78 (6th Cir. 2015).   Because they raised an affirmative defense, Defendants have the burden of proving Plaintiff did not properly exhaust his available administrative remedies.   *See English v. Payne,* No. 16-4404, 720 Fed. Appx. 810, 811 (8th Cir. Apr. 30, 2018) (unpublished decision); *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015).   For the following reasons, I conclude they have done so.

First, I found Ms. Brown to be a very credible witness, who, unlike Plaintiff, is not a party to this lawsuit.   Her testimony that, during her thirty years of experience, she has never had an attachment or portion of a grievance or appeal lost in the prison mail system was very convincing. And, Plaintiff admitted he had no personal knowledge of what became of his appeal after he put it in the prison mail.   I also found it persuasive that Plaintiff, who has filed numerous grievances while in prison, did not file a grievance or otherwise attempt to document that he had, in fact, included his grievance (Attachment I) with his appeal.   Instead, he first raised the matter after Defendants filed their summary judgment motion.   Although it is a close issue, I conclude it is more likely than not that Plaintiff did not include his grievance (attachment I) with his appeal, as required by the ADC's exhaustion policy.   (Doc. No. 14-1 at 11.)   Accordingly, I find Plaintiff did not properly exhaust his administrative remedies and that Defendants are entitled to summary

judgment. *See Woodford*, 548 U.S. at 90 (administrative exhaustion "means using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits"); *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

That being said, I also agree with Defendants that Plaintiff waived his retaliation claims in his appeal, which specifically said he was grieving the reading and seizure of his "legal mail, nothing more." (Hearing Ex. 2 at 3.) As I explained to Plaintiff during the hearing, his testimony that he meant to include the word "only" does not cure the waiver. Even with that word inserted, the appeal still says Plaintiff is challenging the reading and seizure of "his legal mail, nothing more" - and not his retaliation claims. Thus, even if the Court concludes Defendants did not sustain their burden regarding Plaintiff's failure to include Attachment I, Defendants are nevertheless entitled to summary judgment because Plaintiff failed to appeal (and thus complete all three steps of the ADC's grievance process) regarding the retaliation claims he is attempting to raise in this lawsuit. *See Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014) (a prisoner must pursue "the prison grievance process to its final stage"); *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143 (8th Cir. 2003) ("When multiple prison condition claims have been joined . . . the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to *all* of the claims") (emphasis in the original).

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 14) be GRANTED, Plaintiff's retaliation claim against Defendants Johnson and Dover be DISMISSED without prejudice, and this case be CLOSED.

2.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 18th day of March 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE